In the Matter of the Probate of the Will of JEAN TOWNSEND, Deceased. PHILIP L. ZENNER et al., Appellants; OTTO TOWNSEND et al., Respondents.

Argued April 23, 1953; decided June 5, 1953.

*William C. Martin* and *Philip L. Zenner,* in person, for Philip L. Zenner, appellant. I. As a matter of law, the court should have dismissed the objections and admitted the will to probate. (*Matter of Martin,* 151 Misc. 94, 243 App. Div. 513; *Matter of Hesdra,* 119 N. Y. 615; *Matter of Roge* v. *Valentine,* 280 N. Y. 268; *Matter of Williams,* 141 N. Y. 572; *Matter of Bitzer,* 124 Misc. 432; *Matter of Hoffman,* 86 Misc. 365; *Matter of Smart,* 84 Misc. 336; *Matter of Taylor,* 10 Abb. Prac. [N. S.] 300.) II. The lower court improperly admitted into evidence testimony which was irrelevant and prejudicial. (*Waterman* v. *Whitney,* 11 N. Y. 157; *Marx* v. *McGlynn,* 88 N. Y. 357; *Smith* v. *Keller,* 205 N. Y. 39; *Matter of Putnam,* 257 N. Y. 140; *Gill* v. *Montgomery Ward & Co.,* 198 Misc. 645.) III. The lower court should have dismissed the objection as to fraud and directed the jury to disregard all testimony admitted as to fraud before submitting the case to the jury. IV. It was error for the lower court to deny proponent's motion for a new trial on the ground of newly discovered evidence. V. Due to a trial stenographer's error or inability, certain material testimony was withheld from the jury, which factor was prejudicial to proponent's trial. (*Metzger* v. *Cushman's Sons,* 243 N. Y. 118; *Heibeck* v. *Hess,* 228 App. Div. 194; *Burd* v. *Bleischer,* 208 App. Div. 499; *Hartford Accident & Ind. Co.* v. *Buchanan,* 200 App. Div. 235.) VI. The court improperly permitted contestants' attorneys in their summations to make inflammatory per-

sonal remarks concerning proponent and statements which were not in accordance with the evidence; all of which prevented proponent from receiving a fair trial. (*Cattano* v. *Metropolitan St. Ry. Co.*, 173 N. Y. 565; *Leonard* v. *Home Owners' Loan Corp.*, 270 App. Div. 363, 785; *Benoit* v. *New York Central & H. R. R. Co.*, 94 App. Div. 24; *Cherry Cr. Nat. Bank* v. *Fidelity & Cas. Co.*, 207 App. Div. 787; *Graham* v. *Graham*, 142 App. Div. 131; *National Supply Co.* v. *Jebb*, 142 App. Div. 256; *Loughlin* v. *Brassil*, 187 N. Y. 128; *Simpson* v. *Foundation Co.*, 201 N. Y. 479; *Dimon* v. *New York Central & H. R. R. R. Co.*, 173 N. Y. 356; *Williams* v. *Brooklyn Elevated R. R. Co.*, 126 N. Y. 96.) VII. Interests of justice require a reversal and admission of the will to probate or a new trial. (*Matter of Kindberg*, 207 N. Y. 220; *Marden* v. *Dorthy*, 160 N. Y. 39.) VIII. There is no credible evidence to refute the testimony of the three witnesses to the will, the signature on the will, the acknowledged signature on various deeds and a check, and the handwriting expert.

*Victor Levine, Norman M. Pinsky* and *Nicholas J. Changose* for Elmer R. Cornish and another, appellants. I. There is no substantial evidence that the execution of the will was procured by fraud. (*Matter of Matthis*, 271 App. Div. 1051; *Matter of Roge* v. *Valentine*, 280 N. Y. 268; *Matter of Martin*, 151 Misc. 94, 245 App. Div. 513; *Marden* v. *Dorthy*, 160 N. Y. 39.) II. There is no substantial evidence that decedent did not sign the will. (*Matter of Burnham*, 201 App. Div. 621, 234 N. Y. 475; *Matter of Horton*, 272 App. Div. 646, 297 N. Y. 891; *Matter of Hesdra*, 119 N. Y. 615; *Matter of Kindberg*, 207 N. Y. 220; *Matter of Bennett*, 238 N. Y. 583.)

*John J. Mahon* for Otto Townsend and others, respondents. There was no error in the submission of the case to the jury, and the jury's verdict is amply sustained by the evidence. (*Matter of Kindberg*, 207 N. Y. 220; *Matthews* v. *Hill*, 165 App. Div. 672; *Hammond* v. *Varian*, 54 N. Y. 398; *Hynes* v. *McDermott*, 82 N. Y. 42; *Matter of Burnham*, 201 App. Div. 621, 234 N. Y. 475; *Matter of Martin*, 151 Misc. 94, 243 App. Div. 513.)

*Charles P. Ben*, special guardian for Marvin O. Barrett, Jr., and another, infants, respondents. I. There is abundant evi-

dence from which it can be found that the paper writing purporting to be the last will and testament of decedent was not freely or voluntarily made or executed by her and, if it was in fact subscribed by her, such subscription was obtained by fraud. II. There is sufficient evidence from which it can be found that the signature on the disputed paper writing was not genuine or valid. (*Marden* v. *Dorthy,* 160 N. Y. 39; *Punsky* v. *City of New York,* 129 App. Div. 558; *Elwood* v. *Western Union Tel. Co.,* 45 N. Y. 549; *Matter of Kindberg,* 207 N. Y. 220; *Hammond* v. *Varian,* 54 N. Y. 398; *Matthews* v. *Hill,* 165 App. Div. 672; *Hynes* v. *McDermott,* 82 N. Y. 42.)

· *Per Curiam.* We assume, without deciding, that there is in this record a bare question of fact as to whether or not Mrs. Townsend signed this will. On the one hand, there is the testimony of the three attesting witnesses, and of a handwriting expert of thirty years' experience, supported by the fact that the will leaves testatrix' estate to her closest kin, and that its provisions are not unnatural, and are substantially the same as those she had discussed previously with an attorney. On the other hand, there is testimony by two laymen that they were familiar with the handwriting of Mrs. Townsend and that, in their opinion, the signature on the propounded paper was not hers.

The jury tried the issues under a framed order, entered following the filing of contestants' objections. That order contained six questions relating to (1) execution; (2) publication; (3) whether there were two witnesses; (4) mental competency; (5) freedom from restraint; and (6) fraud, deceit or undue influence. Counsel for both contestants called them " the usual shotgun " objections. During the trial, contestants' attorneys conceded that there was no real claim of unsoundness of mind, undue influence, or duress, and that " The objections are addressed solely to the execution of the will ", to which the court responded, " Very well." Thus, all other framed issues were out of the case. Nevertheless, the court thereafter permitted, on the stated ground that it had a bearing on the fraud question, testimony by two of contestants' witnesses that they would not believe another witness under oath. Nor did the court submit to the jury the issue with respect to execution

as framed, but substituted an issue as to whether the will was " duly executed ", without any instructions as to the meaning of that technical phrase.

Not only does this record contain insufficient proof of fraud, but, by concession, fraud was out of the case. Nevertheless, counsel for the parties tell us that both sides summed up to the jury on a supposed issue of fraud, and we do not know whether the jury's finding was that Mrs. Townsend was defrauded into signing the will or that she did not sign it at all. A new trial is necessary.

The order of the Appellate Division and the decree of the Surrogate's Court should be reversed and a new trial granted, with costs to abide the event.

Lewis, Ch. J., Conway, Desmond, Dye, Fuld and Froessel, JJ., concur.

Order reversed, etc.